1  SEYFARTH SHAW LLP
   Lorraine H. O'Hara (SBN 170153)
2  E-mail: lohara@seyfarth.com
   Jonathan L. Brophy (SBN 245223)
3  E-mail: jbrophy@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   VERIZON CALIFORNIA, INC.
7
   LAW OFFICES OF HEYWOOD G. FRIEDMAN
8  A Professional Corporation
   Heywood G. Friedman (SBN 125151)
9  Email: Heywood@friedmanlawoffices.com
   Haik K. Bartoumian (SBN 228997)
10 Email: haik@friedmanlawoffices.com
   Jeremy M. Shatzer (SBN 266458)
11 Email: Jeremy@friedmanlawoffices.com
   Justin T. Barkowski (SBN 274522)
12 Email: justin@friedmanlawoffices.com
   Julie E. Sarto (SBN 273484)
13 Email: julie@friedmanlawoffices.com
   31416 Agoura Road, Suite 200
14 Westlake Village, CA 91361

15 Attorneys for Plaintiff
   ROBERT CLARIZIO

*NOTE CHANGES MADE BY COURT*

16

17                    UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

19 | ROBERT CLARIZIO, an individual, | Case No. CV11-03095 GW (AGRx)
20 |             Plaintiff,          | **DISCOVERY DOCUMENT:**
   |                                 | **REFERRED TO MAGISTRATE**
21 |       v.                        | **JUDGE ALICIA G. ROSENBERG**
22 | VERIZON CALIFORNIA, INC., a     | [~~PROPOSED~~] **ORDER GRANTING**
   | California corporation, and DOES 1 | **JOINT STIPULATED**
23 | through 10, inclusive.          | **PROTECTIVE ORDER**
   |                                 | **REGARDING PRODUCTION OF**
24 |             Defendants.         | **CONFIDENTIAL INFORMATION**
25 |                                 | Judge:  Hon. Alicia G. Rosenberg
   |                                 | Ctrm.:  D - 8th Floor
26 |                                 |
   |                                 | Complaint Filed: April 12, 2011
27 |                                 | Trial Date:      June 2, 2012
28

Pursuant to the Joint Stipulation filed by the Parties on February 15, 2012, and good cause being shown, the Parties' Stipulation is granted as follows.

**IT IS HEREBY ORDERED THAT:**

The Joint Stipulation and this Protective Order shall govern Confidential Documents as described in the Joint Stipulation.

1. **Confidential Documents.** Confidential treatment shall be afforded to certain of Defendant Verizon California, Inc.'s documents that contain confidential and/or proprietary information. These documents will be stamped "Confidential" prior to production ("Confidential Documents").

2. **Restricted Disclosure of Confidential Documents.** Confidential Documents obtained by Plaintiff during the course of discovery shall be used by Plaintiff solely for the prosecution of claims in the Lawsuit. Absent written agreement by Defendant, Confidential Documents may not be shown, or their contents disclosed, to any person other than the following:

(a)     legal counsel of Plaintiff, and the necessary paralegal, secretarial and clerical personnel employed by legal counsel;

(b)     the Court in the Lawsuit, including any courtroom personnel, judge, referee, settlement judge, magistrate judge; ~~and paneled or selected jury at trial;~~

(c)     Plaintiff, provided that in advance of such disclosure, Plaintiff's counsel shall inform Plaintiff of the terms of the Stipulation and deliver to Plaintiff a copy of the Stipulation and a Declaration Regarding Confidentiality form, attached hereto, which shall be read and signed, and a copy of which shall be retained by Plaintiff's counsel;

(d)     expert witnesses retained by Plaintiff in the action; and,

(e)     persons whom Plaintiff's counsel believes to be percipient witnesses provided that in advance of such disclosure, Plaintiff's counsel shall inform such persons of the terms of the Stipulation and deliver to such persons a copy of the

1 Stipulation with a Declaration Regarding Confidentiality form, attached hereto,
2 which shall be read and signed by each such person, and retained by Plaintiff's
3 counsel.  Percipient witnesses need not sign the Declaration Regarding
4 Confidentiality form prior to being shown Confidential Documents during their
5 deposition or at trial.  However, they shall not retain copies of the Confidential
6 Documents.

7       Only the individuals or entities mentioned in subparagraphs (a) and (b)
8 above, shall be allowed to retain copies of Confidential Documents, subject to
9 Paragraph 3 below.  The individuals mentioned in subparagraphs (c) through (e)
10 above, shall not retain copies of Confidential Documents produced in this
11 litigation.

12       3.    **<u>Return of Confidential Documents.</u>**  All Confidential Documents,
13 and copies of Confidential Documents, shall be returned to Defendant's counsel at
14 the termination of the Lawsuit.

15       4.    **<u>Enforcement.</u>**  In the event that Plaintiff or his counsel breaches any
16 provision of the Stipulation, Defendant shall have, in addition to and without
17 [Act] limiting any other remedy or right it may have at law or in equity, the right to seek a
18 temporary and permanent injunction restraining any such breach, without any bond
19 or security being required.  In any such proceeding, Plaintiff waives any defense
20 that Defendant does not have an adequate remedy at law or that the injury suffered
21 as a consequence of such breach is not irreparable.  Defendant shall be entitled to
22 recover its reasonable attorneys' fees and costs in the event they prevail in a
23 proceeding to enforce any of the provisions of the Stipulation.  Plaintiff agrees to
24 submit to the jurisdiction of the United States District Court for the Central District
25 of California with respect to any action to enforce this Stipulation.

26       5.    **<u>Filing of Confidential Documents.</u>**  This Stipulation does not
27 necessarily require the filing of Confidential Documents to be under seal.

28

1  However, Plaintiff agrees that before filing a document stamped "Confidential"
2  that he will meet and confer with defense counsel and should Defendant wish that
3  a particular document be filed under seal, that Plaintiff shall seek to file such
4  document under seal.

**IT IS SO ORDERED.**

Dated: February 17, 2012            _____
                                     Honorable Alicia G. Rosenberg
                                     United States Magistrate

# EXHIBIT A

## DECLARATION REGARDING CONFIDENTIALITY

I, _____ declare:

1. I reside at _____.

2. I have read the Joint Stipulated Protective Order dated February __, 2012, entered in the litigation between Plaintiff Robert Clarizio and Defendant herein, *Clarizio v. Verizon California, Inc., et al.,* United States District Court, Central District of California, Case No. CV11-03095 GW (AGRx) (" the Order").

3. I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4. I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any information obtained pursuant to the Order.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Declaration Regarding Confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2012 at _____.

_____
Signature